**SO ORDERED.**

**SIGNED this 25 day of September, 2007.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

WILLIAM WARNER PARKER
STEPHANIE ANN PARKER

        Debtors

Case No. 07-30697

BRIAN MOLL and KONNIE MOLL

        Plaintiffs

v.

WILLIAM WARNER PARKER and
STEPHANIE ANN PARKER

        Defendants

Adv. Proc. No. 07-3037

**MEMORANDUM AND ORDER**

     Before the court is the Motion to File Default Judgment (Motion for Default) filed by the

Plaintiffs on September 7, 2007, asking the court to enter a default judgment against the Defendants

for failing to respond to their Complaint within the prescribed time.  The Motion for Default was

routinely set for hearing on October 4, 2007. On September 14, 2007, the Defendants filed a Response to Motion for Default (Response), stating that they were not properly served with process and asking the court to deny the Plaintiffs' Motion for Default. In support of their Response, they attached a copy of an envelope addressed to the Defendants' attorney and a copy of the Alias Summons issued July 18, 2007. Thereafter, on September 24, 2007, the Plaintiffs filed a letter in response to the Defendants' Response, stating that they attempted to serve the Defendants via regular United States Mail, which was unclaimed and returned to them and that they served a courtesy copy of the Summons on the Defendants' attorney. Appended to the Plaintiffs' Letter is a copy of the United States Postal Service tracking report.

In light of the documentation filed with the Response and the Plaintiffs' Letter, the court has determined that a hearing on the Motion for Default Judgment is not necessary because the Defendants have not been properly served with process pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

Pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, which governs service of process in adversary proceedings, service of process requires the service of both a summons and the complaint upon a defendant. *See* FED. R. BANKR. P. 7004(a)(1) (stating that Federal Rule of Civil Procedure 4(c)(1) applies in adversary proceedings). Rule 7004(b) allows for service of process through United States Mail, first class, postage prepaid upon a debtor "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." FED. R. BANKR. P. 7004(b)(9).

Additionally, "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney[.]." FED. R. BANKR. P. 7004(g).

These Rules "unambiguously provide[] that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint." *Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999). "Anything short of strict compliance . . . is insufficient," *Love*, 232 B.R. at 377, as "the requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

The Plaintiffs state in their Letter that they mailed the Defendants' attorney a copy of the Summons, that he "could have checked the court records for the complaint filed in April '07 at any time," and that "the only requirement that we [were] aware of was to serve the Parker's [sic] and a courtesy copy was sent to Mr. Mayer." Under Rule 7004(b)(9) and (g), mailing a copy of the Summons only to the Defendants' attorney was insufficient to effectuate service of process, and the court cannot grant a Motion for Default when the Defendants have not properly been served. Furthermore, although the Defendants' attorney has actual knowledge of the adversary proceeding, it is not a substitution for service of process, nor does it cure the "technically defective service of process" effectuated by the Plaintiffs. *See Friedman*, 929 F.2d at 1156.

Clearly, the Alias Summons issued by the court on July 18, 2007, has expired. Additionally,

the Complaint was filed on April 24, 2007, more than five months ago. Because the Complaint has not been properly served, Rule 4(m) of the Federal Rules of Civil Procedure comes into play. Rule 4(m) states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "The first clause of this Rule indicates that a district court shall either (1) dismiss a complaint without prejudice, or (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint." *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406 (S.D. Ohio 2003).

The Plaintiffs bear the burden of evidencing good cause for their failure to properly serve the Defendants within the 120-day time period, and the court should consider "whether the plaintiff made a reasonable and diligent effort to effect service." *Russell v. Goins (In re Goins)*, No. 05-5055, 2006 Bankr. LEXIS 1581, at *13, 2006 WL 2089922, at *2 (Bankr. E.D. Tenn. July 6, 2006). "Mistake of counsel or ignorance of the rules is not enough to establish good cause[, and] lack of prejudice and actual notice are insufficient." *Massey v. Hess*, No. 1:05-CV-249, 2006 U.S. Dist. LEXIS 57963, at *12, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006).

In this case, the court does not find that the Plaintiffs have established "good cause" for their failure to properly serve the Defendants, as their Letter clearly evidences that the Defendants were not properly served with the Summons and Complaint, nor was their attorney, due to the Plaintiffs'

pro se prosecution of this adversary proceeding and their lack of familiarity with the requirements of Rule 7004. Accordingly, the court is not required to grant the Plaintiffs an extension of the time set forth in Rule 4(m). Nevertheless, "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Osborne*, 217 F.R.D. at 406-07 (quoting *Henderson v. United States*, 116 S. Ct. 1638, 1643 (1996) (citing Advisory Committee's notes on Fed. R. Civ. P. 4)).

> Courts construing Rule 4(m) agree that if the plaintiff establishes good cause for its failure to timely effect service, the court must grant additional time for service[, and] the overwhelming majority of courts which have considered the issue have concluded that a court has the discretion to extend the service time even in the absence of good cause.

*Goins*, 2006 Bankr. LEXIS 1581, at *7, 2006 WL 2089922, at *2 (citing 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1137 (3d ed. 2006)); *accord Massey v. Hess*, 2006 U.S. Dist. LEXIS 57963, at *11-12, 2006 WL 2370205, at *3 ("One part of Rule 4(m) gives a district court discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown."); *Lopez v. Donaldson (In re Lopez),* 292 B.R. 570, 575-76 (E.D. Mich. 2003) ("[W]hen an applicant for an extension of the 120-day limit for service of a summons and complaint fails to demonstrate good cause, Rule 4(m) nonetheless allows the court to exercise its discretion and grant an extension in appropriate cases.").

In order to determine whether this is an appropriate case for exercising its discretion to extend the Rule 4(m) deadline, the court should examine the following factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-

5

>barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Lopez*, 292 B.R. at 576 (quoting *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001)).

Based upon the facts presented, the court will exercise its discretion and grant the Plaintiffs' additional time to properly serve the Defendants in accordance with Rule 7004(b)(9) and (g). As previously stated, the Complaint was filed on April 24, 2007, so the 120-day period only expired on August 22, 2007. Furthermore, the Defendants' attorneys have actual knowledge of the adversary proceeding, seeing as they have filed the Response to the Motion for Default, and the Defendants do not face any prejudice by granting the extension other than having to defend the adversary proceeding.

For the foregoing reasons, the court directs the following:

1. The Motion to File Default Judgment filed by the Plaintiffs on September 7, 2007, is DENIED, and the hearing scheduled for October 4, 2007, is STRICKEN.

2. The Plaintiffs shall have thirty (30) days from the date of the entry of this order to obtain an Alias Summons and effectuate service of process upon the Defendants in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

###