**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

WILLIAM WARNER PARKER
STEPHANIE ANN PARKER

        Debtors

Case No. 07-30697

KONNIE MOLL
BRIAN MOLL

        Plaintiffs

v.

WILLIAM WARNER PARKER
STEPHANIE ANN PARKER

        Defendants

Adv. Proc. No. 07-3037

**MEMORANDUM ON
DEFENDANTS' MOTION TO DISMISS**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
      John P. Newton, Jr., Esq.
      Richard M. Mayer, Esq.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorneys for Debtors/Defendants

      Konnie Moll
      Brian Moll
      2621 SW 98th Street
      Oklahoma City, Oklahoma  73159
      Plaintiffs, *Pro Se*

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiffs, *pro se*, on April 24, 2007, asking the court to determine that a state court judgment entered on January 10, 2006, in the amount of $3,500.00, plus post-judgment interest, against the Debtors/Defendants is nondischargeable. On January 10, 2008, the Defendants filed a Motion to Dismiss, arguing that the Plaintiffs have failed to state a claim upon which relief can be granted. On January 28, 2008, the Plaintiffs filed their Response to Motion to Dismiss.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) (2005).

**I**

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on March 5, 2007, and the Plaintiffs timely filed their Complaint on April 24, 2007, contending that a Judgment obtained against the Defendants on January 10, 2006, in *Moll v. Parker*, Case No. SC-05-4197, in the District Court of Cleveland County, Oklahoma, in the amount of $3,500.00 is nondischargeable because it was obtained through the theft and intentional withholding of two vehicles owned by the Plaintiffs.

The Defendants filed their Motion to Dismiss on January 10, 2008, stating that the Complaint does not provide any statutory references and does not state facts upon which relief can be granted. In their Response to Motion to Dismiss, the Plaintiffs cite to several sections of the Bankruptcy Code, including 11 U.S.C. §§ 523(a)(2), (4), (6), (19), 548(a)(1), and 727(a)(2) (2005).

## II

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).

Although all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In their Complaint, the Plaintiffs do not expressly identify any subsection of § 523 upon which they are asking for relief;[1] however, they do make the following specific allegations: (1) that the Defendants took two vehicles, a truck and a van, from the Plaintiffs without paying for them; (2) that the Defendants kept the money from the sale of the truck and the destruction of the van without providing reimbursement to the Plaintiffs; (3) that the Defendants forged Mr. Moll's name to transfer title to the truck; (4) that the Defendants intentionally withheld their property by refusing to return the keys to the van; (5) that the Defendants abandoned the van, leaving the Plaintiffs to pay the costs of having it moved and de-registered since it could not be sold due to the condition the Defendants left it in; (6) that Mr. Parker misrepresented to the Plaintiffs that he was not expecting reimbursement for a workers' compensation claim when he has listed a potential claim in his bankruptcy schedules; and (7) that Mr. Parker misrepresented to the Plaintiffs that he was not working but he had income in February.

Based upon these allegations and the documents attached to their Complaint, it is clear that the Plaintiffs seek a determination that their Oklahoma State Court Judgment is nondischargeable based upon theft and/or conversion of personal property, both of which implicate subsections of § 523.

---

[1] The Plaintiffs identified seven Code sections in their Response to Motion to Dismiss; however, this document does not constitute an amendment to the Complaint. An amended complaint may be filed pursuant to Federal Rule of Civil Procedure 15, which provides that "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served[.]" FED. R. CIV. P. 15(a). Because the Plaintiffs did not designate and/or place the Defendants on notice that they intended for the Response to Motion to Dismiss to amend their Complaint, it cannot be considered as such.

## A

A determination of nondischargeability may be predicated upon a finding of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). For the purposes of § 523(a)(4), and as it relates to this case, embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come," *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996); *Rentrack Corp. v. Neal (In re Neal)*, 300 B.R. 86, 92 (Bankr. M.D. Ga. 2003), and larceny, which is "[t]he unlawful taking and carrying away of property of another with intent to appropriate it to use inconsistent with latter's rights[,]" BLACK'S LAW DICTIONARY 881 (6th ed. 1990), occurs when a debtor wrongfully and with fraudulent intent takes property from its rightful owner. *Great Am. Ins. Co. v. O'Brien (In re O'Brien)*, 154 B.R. 480, 483 (Bankr. W.D. Tenn. 1993) (citing *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991)). Embezzlement differs from larceny because the embezzler's initial acquisition of the property at issue is lawful. *Aristocrat Lakewood Nursing Home v. Dryja (In re Dryja)*, 259 B.R. 629, 632 (Bankr. N.D. Ohio 2001).[2]

The Plaintiffs have alleged that the Defendants took a truck and a van from them, sold one and damaged the other, without paying for either. Taking these facts in a light most favorable to the Plaintiffs, the court finds that they have given the Defendants sufficient notice of the claims against

---

[2] The third option under § 523(a)(4), defalcation while acting in a fiduciary capacity, is not applicable in this case. The Sixth Circuit requires the following proof in order to establish a prima facie case of defalcation under § 523(a)(4): "1) a fiduciary relationship; 2) breach of that fiduciary relationship; and 3) a resulting loss." *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178 (6th Cir. 1997). Because proof of a fiduciary relationship requires that the debtor holds funds in trust for a third party, "the defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *Garver*, 116 F.3d at 179-80.

them and that they have pled sufficient facts to assert a claim for either embezzlement or larceny under § 523(a)(4).

**B**

A judgment may also be nondischargeable if it is based upon a willful and malicious injury through conversion of property under § 523(a)(6), which requires the Plaintiffs to prove the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," *Kawaauhau v. Geiger*, 118 S. Ct. 974, 977 (1998), and proof that the Defendants either desired to cause the consequences of their actions or they believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999). "That a reasonable debtor 'should have known' that his conduct risked injury to others is simply insufficient. Instead, the debtor must 'will or desire harm, or believe injury is substantially certain to occur as a result of his behavior.'" *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002) (quoting *Markowitz*, 190 F.3d at 465 n.10). "An act of conversion may constitute willful and malicious injury depending on whether or not the debtor intended to cause the harm or was substantially certain that such harm would occur." *Sweeney v. Lombardi (In re Lombardi)*, 263 B.R. 848, 853 (Bankr. S.D. Ohio 2001).

In their Complaint, the Plaintiffs allege that the Defendants intentionally withheld their property by refusing to return the keys to the van before damaging it and that they forged Mr. Moll's name in order to then sell the truck and keep the proceeds. Taking the Complaint in a light most favorable to the Plaintiffs, the court finds that they have pled sufficient facts to discern that they are

proceeding in this adversary proceeding under § 523(a)(6) and that the Defendants have been given sufficient notice of the conversion claims being argued against them and the relief sought.

Accordingly, the Motion to Dismiss shall be denied. The court will, by its order, set a scheduling conference at which the Plaintiffs shall be allowed to participate telephonically.

An order consistent with this Memorandum will be entered.


FILED:  February 12, 2008

> BY THE COURT
>
> */s/  RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE